**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ISMAEL GUILLERMO HERNANDEZ,<br><br>                              Plaintiff(s),<br><br>vs.<br><br>SHERIFF LOMBARDO, et al.,<br><br>                              Defendant(s). | Case No. 2:16-cv-01219-JAD-NJK<br><br>**REPORT AND RECOMMENDATION** |

Concurrently herewith, the Court is issuing an order granting Plaintiff's application to proceed *in forma pauperis*. Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule

8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff brings claims arising out of his arrest on September 7, 2014, and the criminal proceedings flowing therefrom. *See* Docket No. 6-1.[1] For example, Plaintiff alleges that he was incorrectly charged, and that his recharging constitutes double jeopardy. *See id.* at 9-10. Plaintiff alleges that he should have been granted bail pending the conclusion of his criminal proceeding. *See id.* at 9. Plaintiff also alleges that the state government has "the wrong person." *Id.* at 8. Plaintiff also alleges he was not appointed an attorney. *See id*. at 12. The Court takes judicial notice of the Clark County Nevada website, which indicates the criminal case arising out of Plaintiff's arrest on September 7, 2014, is set for jury trial on May 8, 2017. *See* http://redrock.clarkcountynv.gov/ccdcincustody/inCustodySearch.aspx (searched on January 23, 2017); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (courts can take judicial notice of government websites).

"In our American system of dual sovereignty, each sovereign–whether the Federal Government or a State–is responsible for the administration of its own criminal justice system." *United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (en banc) (quoting *Setser v. United States*, ___ U.S. ____, 132 S. Ct. 1463, 1471 (2012)). To further the interests of comity, the Supreme Court has long made clear that absent extraordinary circumstances, federal courts may not interfere with pending state criminal prosecutions even

---

[1] Plaintiff filed his initial complaint (Docket No. 1-1), an amended complaint (Docket No. 5), and a second amended complaint (Docket No. 6-1). The Court will screen the second amended complaint.

when they raise issues regarding federal rights or interests. *Younger v. Harris*, 401 U.S. 37, 44 (1971). A federal court must abstain under *Younger* if four requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  In light of Plaintiff's impending criminal trial in state court, each of these requirements is met in this case.  As such, Plaintiff's claims are subject to dismissal without prejudice to raising them in the proper forum at the proper time.

Accordingly, for the reasons discussed more fully above, the undersigned **RECOMMENDS** that this case be dismissed without prejudice to Plaintiff raising his arguments in the proper forum at the proper time.

IT IS SO ORDERED.

DATED: January 24, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).